**In re LATHROP MOBILE INVESTORS aka Lathrop Investors, aka Lathrop Mobilehome Park, aka Camino Real Mobile Estates, Debtor.**

**Appeal of UNITED STATES TRUSTEE FOR the CENTRAL DISTRICT OF CALIFORNIA.**

**BAP No. CC–85–1086.
Bankruptcy No. SA 84–04600–RP.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Sept. 19, 1985.

Decided Nov. 25, 1985.

Harry L. Gastley, Asst. U.S. Trustee, Office of U.S. Trustee, Laguna Niguel, Cal., for appellant.

Before ABRAHAMS, VOLINN and MEYERS, Bankruptcy Judges.

## OPINION

ABRAHAMS, Bankruptcy Judge:

This appeal raises questions as to the respective roles of the bankruptcy judge and the United States Trustee in the appointment process for a Chapter 11 trustee. We reverse because the trial court's decision required that the appointment be limited to members of a local Chapter 7 trustee panel. We also reverse because the trial court did not provide an opportunity for a hearing.

## FACTS

At the hearing on a motion for appointment of a Chapter 11 trustee, the bankruptcy judge ruled orally that a trustee be appointed. Later, the moving creditors and the United States Trustee each submitted similar orders naming Joseph Karol as the trustee. On the order form submitted by the United States Trustee, the judge wrote: "Denied—Mr. Karol is not on the panel for Orange County & this is an Orange County case." On the creditors' form, the judge struck out the provision regarding Karol and revised the order to state: "THE COURT HEREBY ORDERS the appointment of a trustee from the Orange County Panel."

Consideration of the order forms took place in chambers, outside the parties' presence and without any reporting or recording. There was a later hearing on a motion to reconsider the rulings. We have received and reviewed a transcript of that hearing.[1]

At this later hearing, counsel for the United States Trustee represented that Karol spends much of his time in the Sacramento area because of another case. The implication was that, because the debtor's mobile home park is near Stockton, California, Karol's Sacramento work makes him a good choice.

The bankruptcy judge stated in part:

The Court believes that the U.S. Trustee's Office has set up a panel of trustees to serve the cases in Orange County. This happens to be an asset case. To go outside of Orange County and the Orange County Panel of Trustees to select a Trustee to serve in this case is a financial unfairness to the Orange County Panel of Trustees. This is particularly so when the U.S. Trustee's Office was created to avoid the appearance of cronyism.

The court notes that the person appointed is a former Assistant United

1. The Bankruptcy Judge submitted to this panel both the transcript and a brief. Because we could have ordered the transcript prepared and presented to us under F.R.App.P. Rule 10(e), we will consider the transcript. We do not consider the Judge's brief.

States Trustee in the Los Angeles office. Hardly what you might call avoiding the appearance of cronyism.

\* \* \* \* \* \*

I don't care who in the Orange County Panel he appoints.

\* \* \* \* \* \*

It's unfortunate in this case, that in this particular case we went into chambers. We called the office of the U.S. Trustee. We were informed that Mr. Stodd would be appointed as the Trustee in this case, in chambers with counsel. Counsel then left this office and went over and spent an hour at Mr. Stodd's office familarizing him with all of the facts, and then for reasons unknown to me, instead of Mr. Stodd being appointed someone else was appointed.

Now I don't care who is appointed. That's not my province.

\* \* \* \* \* \*

I don't mean to interfere with the authority of the Trustee, but I feel as a matter of equity to the Orange County Panel that we should not go outside when we have competent Trustees available in Orange County to handle these matters, to go outside and find someone else, particularly with the appearance of cronyism. Although he wasn't around when Mr. Tucker was around.

\* \* \* \* \* \*

If the explanation of Mr. Carol's expertise in the Sacramento area were explained to the Court earlier, that might have affected me, but it doesn't.

The United States Trustee has appealed. There is no Appellee.

## DISCUSSION

The statutory authority for appointment of trustees in Districts where there is a United States Trustee is set forth in 11 U.S.C. section 151104(c):

[T]hen the United States Trustee, after consultation with parties in interest, shall appoint, subject to the court's approval, one disinterested person other than the United States Trustee to serve as trustee ... in the case.

■ The appellant correctly points out that, although selection from panels of trustees is required in Chapter 7 cases, 28 U.S.C. section 586(a)(1), there is no similar requirement in Chapter 11. Instead the legislative history states very clearly that use of the trustee panels is not required in Chapter 11 cases:

*The United States trustee is permitted to select a person that is not a member of the panel of private trustees, which exists only to regulate liquidation trustees.*

H.Rep. No. 595, 95th Cong. 1st Sess. 104 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6065. (Emphasis added.) Accordingly, we must reverse.

■ We also reverse for a more fundamental reason: the trial court's procedure was inappropriate for the issues here. Questions as to review of Chapter 11 trustee appointments by the United States Trustee should not be decided by a judge sitting in chambers without allowing an opportunity for participation by others. The cronyism of judges, feared by the drafters of the legislation[2], and the cronyism of the United States Trustee, suggested by the judge here, can best be dealt with at a public hearing. The likelihood of public scrutiny should discourage both actual favoritism and suspicion of impropriety. We hold that, whenever the bankruptcy judge has reason to question an appointment, the judge must advise the United States Trustee who can then notice a hearing if the name is to be considered further. When there is need for a prompt decision,

---

2. "Under current chapter X, the court appoints the trustee. The court's involvement in the process not only appears to be improper when the court must later rule in litigation between the court's appointee (the trustee) and an adverse party, but had also led to cronyism in some instances, and unqualified or incompetent trustees. Again, the separation of the court from *the administration of the case should lead to* fairer and more efficient administration." H.R. Rep. No. 595, 95th Cong. 1st Sess. 234 (1977), U.S.Code Cong. & Admin.News 1978, p. 6194.

the hearing can be held on limited and shortened notice.

Questioning of the United States Trustee's designations will be lessened if the United States Trustee advises the judge of the reasons for selecting a particular appointee whenever the reasons are not apparent. The United States Trustee can also provide a statement of the background, experience and disinterestedness of any designee who is not well known to the judge.

Appellant asks us to announce the standard a bankruptcy judge must use in reviewing the United States Trustee's selections. We resist the temptation to formulate a general rule. It is enough for us to hold that the Judge's ruling and procedure were contrary to the statute.

## CONCLUSION

We reverse and remand. If the bankruptcy judge has further reason to question the appointment, he should advise the United States Trustee so there can be a hearing at which the judge's concerns can be addressed.

Pending final determination of this matter, or further appellate ruling, Mr. Karol may continue to serve pursuant to the earlier stay order.